UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS DEWALT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:08-CV-811 (CEJ) |
| ) | |
| OMAHA PAPER STOCK CO., INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand the action to the Twenty-Second Judicial Circuit Court (St. Louis City) from which it was removed. Defendant opposes the motion and the issues are fully briefed.

Plaintiff Thomas DeWalt was employed as a truck driver by defendant Omaha Paper Stock, Co., Inc. He alleges that defendant terminated his employment because he refused to drive an unregistered and uninsured tractor-trailer. He brings a claim of termination in violation of Missouri's public policy exception to the doctrine of at-will employment. In his prayer for relief, plaintiff seeks damages for lost wages and benefits, damages for emotional distress, unreimbursed business expenses, punitive damages, and litigation costs.

Defendant removed the action to this Court, asserting jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Plaintiff now seeks remand, arguing that the Court lacks jurisdiction because the amount in controversy does not exceed $75,000, exclusive of interest and costs.

**Discussion**

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. § 1447(c). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). In determining whether removal was proper, the Court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

The Court's jurisdiction in the instant case is premised on diversity of citizenship, which requires that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Federal courts are to strictly construe the amount in controversy requirement, as its underlying purpose is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969). As the party invoking federal jurisdiction, defendant must prove by a preponderance of the evidence that the jurisdictional requirement is satisfied. James Neff Kramper Family Farm Partnership v. IBP,

Inc., 393 F.3d 828, 831 (8th Cir. 2005); Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002).

In its notice of removal, defendant asserted that plaintiff's claim for lost wages exceeds $104,000; his claim for lost benefits, emotional distress, and unreimbursed expenses exceeds $10,000; and his punitive damages claim exceeds $75,000.[1]  Defendant submits copies of its payroll journal to support its calculation of plaintiff's lost-wages claim.  According to this exhibit, plaintiff's average weekly earnings were $871.  Plaintiff's annual wages thus would have been approximately $45,000.  Plaintiff was terminated in February 2006 and the earliest this case may proceed to trial is February 2009.  Assuming the same rate of pay, plaintiff's lost wages claim would amount to $135,000.

Plaintiff argues that, because he has a duty to mitigate damages, this lost-wage estimate must be reduced by the amount he has earned in subsequently obtained employment.  Plaintiff is correct that the Court must consider mitigation of damages in determining the amount in controversy.  See Terry v. Service America Corp., 990 F.Supp. 476, 477 (N.D. Miss. 1997) (amount-in-controversy requirement not satisfied where defendant failed to present evidence of lost wages and did not discuss mitigation).  And, should plaintiff prevail at trial, his lost-wages claim will be reduced by his subsequent earnings.

---

[1] A jury awarded $1,000,000 in punitive damages to another employee terminated in the same incident.  The trial court reduced the punitive damages award to $250,000.  Williams v. Omaha Paper Stock, Inc., No. 22062-00888-01 (Mo. Cir. Ct., Nov. 14, 2007).

Plaintiff asks the Court to consider the case of his fellow employee, David Williams. Defendant fired Mr. Williams because he refused to terminate drivers who balked at driving unfit and uninsured tractor-trailers. Williams v. Omaha Paper Stock, Inc., No. 22062-00888-01 (Mo. Cir. Ct. Nov. 14, 2007). Like plaintiff, Mr. Williams filed a claim for wrongful termination in violation of public policy in state court, which defendant removed here pursuant to diversity jurisdiction. The Williams case was remanded, however, based on the determination that defendant failed to meet the amount in controversy. Williams v. Omaha Paper Stock, Inc., No. 4:06-CV-884 (FRB) (E.D. Mo., July 7, 2006).

Unlike plaintiff in this action, Mr. Williams informed the Court that his back pay and lost benefits claim amounted to no more than $5,000. Here, plaintiff has provided no evidence, or even an estimate, of his post-termination earnings, arguing that it is defendant's obligation to supply a figure that it can obtain only from him.

Defendant has presented evidence to support its claim that plaintiff's lost-wages claim will exceed the jurisdictional amount. Thus, the Court concludes that defendant has met its burden to show, by a preponderance of the evidence, that the jurisdictional amount is satisfied. See Kok v. Kadant Black Clawson, Inc., 2008 WL 182336 (11th Cir. 2008) (district court correctly concluded that amount in controversy satisfied where former employer submitted evidence of plaintiff's gross pay).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #7] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of July, 2008.